IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PATRICIA RODGERS                :         CIVIL ACTION
                                   :         NO. 16-3641
         v.                          :
                                   :
SUPERVALU, INC. d/b/a Save-A-Lot   :
Store #245, et al.                  :

O'NEILL, J.                                                March 6, 2017

## MEMORANDUM

       This is a grocery store slip-and-fall case in which plaintiff Patricia Rodgers must present sufficient evidence for a reasonable jury to conclude that defendant Supervalu had knowledge—actual or constructive—of the spill in which plaintiff slipped.  As plaintiff has not done so, I will grant defendant's motion for summary judgment.

## BACKGROUND

       Plaintiff was grocery shopping in the Save-A-Lot store in Folcroft, Pennsylvania on July 10th, 2015 when she slipped in a basket-ball-sized puddle of water and fell, injuring her left knee and hip.  Dkt. No. 15, Ex. B (Rodgers Dep.) at 15:1–5, 18:16–20, 19:18–21:24, 25:4–12.  She did not know where the water came from or how long it had been on the floor.  Id. at 24:4–11.  There were no footprints or trails from shopping carts through it.  Id. at 25:13–17.

       It is not clear where she was when she fell.  She testified that she slipped while she was "going to the register," id. at 19:18-23, and that two people in front of her, who were not in line but "going towards the register as well" helped her up.  Id. at 24:12–18.

       The Save-A-Lot store had a policy requiring employees to conduct a clean sweep before opening and every two hours thereafter.  See Dkt. No. 17, Ex. B (Clean Sweep Log).  On the day

plaintiff fell, employees had done a clean sweep of the store at 7:49 a.m., but did not document

any other clean sweep before plaintiff fell, around 10:15 a.m.  Id.; Rodgers Dep. at 28:10–17.

## STANDARD OF REVIEW

Summary judgment will be granted "against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that

party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the burden of demonstrating that "there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law."  Fed. R. Civ. P. 56(a); see Celotex, 477 U.S. at 322-23.  If the movant sustains its burden,

the nonmovant must set forth facts demonstrating the existence of a genuine dispute.  Anderson

v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  A dispute as to a material fact is genuine if

"the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.

A fact is "material" if it might affect the outcome of the case under governing law.  Id.

To establish "that a fact cannot be or is genuinely disputed," a party must:

> (A) cit[e] to particular parts of materials in the record, including
> depositions, documents, electronically stored information,
> affidavits or declarations, stipulations (including those made for
> purposes of the motion only), admissions, interrogatory answers,
> or other materials; or
>
> (B) show[ ] that the materials cited do not establish the absence or
> presence of a genuine dispute, or that an adverse party cannot
> produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  The "existence of disputed issues of material fact should be ascertained

by resolving all inferences, doubts and issues of credibility against" the movant.  Ely v. Hall's

Motor Transit Co., 590 F.2d 62, 66 (3d Cir. 1978) (citations and quotation marks omitted).

However, the adverse party must offer "more than a mere scintilla of evidence in its favor" in

order to overcome a summary judgment motion and cannot survive by relying on unsupported

assertions, conclusory allegations, or mere suspicions. <u>Williams v. Borough of W. Chester</u>, 891 F.2d 458, 460 (3d Cir. 1989). "[T]he nonmoving party cannot rely upon conclusory allegations in its pleadings or in memoranda and briefs to establish a genuine issue of material fact." <u>Pastore v. Bell Tel. Co.</u>, 24 F.3d 508, 511 (3d Cir. 1994).[1]

## DISCUSSION

Under Pennsylvania law, a plaintiff bringing a negligence claim must present evidence on four elements in order to survive summary judgment:  (1) a duty or obligation recognized by law requiring the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages. <u>Estate of Swift v. Ne. Hosp.</u>, 690 A.2d 719, 722 (Pa. Super. Ct. 1997); <u>Craig v. Franklin Mills Assocs., LP</u>, 555 F. Supp. 2d 547, 548 (E.D. Pa. 2008). Here, the issue on summary judgment is whether plaintiff has presented sufficient evidence to support a finding that defendant owed her a duty.

The parties agree that defendant owed a duty to protect plaintiff from foreseeable harm, as she was an invitee while she shopped at defendant's store. <u>See</u> Restatement (Second) of Torts § 332 (defining an "invitee" to include "a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land"); <u>see also</u> <u>Carrender v. Fitterer</u>, 469 A.2d 120, 123 (1983) ("Possessors of land owe a duty to protect invitees from foreseeable harm."). The harm is foreseeable only when the possessor

---

[1] I review this motion de novo, without deference to the decision of the arbitration panel that previously heard this claim. <u>See</u> Local Rule of Civ. P. 53.2(7) ("Within thirty (30) days after the arbitration award is entered on the docket, any party may demand a trial de novo in the district court."). Therefore, plaintiff mistakenly argues that I should consider the arbitrators' decision in her favor as evidence that her claim is sufficiently supported to survive summary judgment. Pl.'s Br. at 7. The arbitration panel's determination on the sufficiency of the evidence is a legal issue to which I owe no deference.

"knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee."  Restatement (Second) of Torts § 343; Craig, 555 F. Supp. at 549. "In other words, the possessor of the land must have 'actual or constructive notice' of the dangerous condition."  Id., citing Swift, 690 A.2d at 723.

In this case, there is no evidence that defendant had actual notice of the spill.  Therefore, the issue is whether defendant had constructive notice.  "What will amount to constructive notice of a defective or dangerous condition existing upon a defendant's premises, necessarily varies under the circumstances of each case" but factors include "the nature of the defect and its location on the premises" and "the time elapsing between the origin of the defect and the accident."  Lanni v. Pa. R.R. Co., 88 A.2d 887, 889 (Pa. 1952).

> "[O]ne of the most important factors to be taken into consideration is the time elapsing between the origin of the defect or hazardous condition and the accident." . . . .  The duration of the hazard is important because if a hazard only existed for a very short period of time before causing any injury, then the possessor of the land, even "by the exercise of reasonable care," would not discover the hazard, and thus would owe no duty to protect invitees from such a hazard.

Craig, 555 F.Supp. 2d at 550, citing Neve v. Insalaco's, 771 A.2d 786, 791 (Pa. Super. Ct. 2001) and Restatement (Second) of Torts § 343.

Plaintiff presents evidence of 1) the spill's proximity to the cash registers, and 2) defendant's violation, on the day of the spill, of its policy requiring inspection of the store every two hours.  Neither of these pieces of evidence could support a reasonable jury's finding that defendant had constructive notice of the spill.

## I.      Proximity to the Cash Registers

Plaintiff's evidence that her fall occurred near the cash registers does not support a finding of constructive notice for two reasons.  First, plaintiff's only evidence to support her

contention that "a store employee would have had a sightline to the area in which she fell," Pl.'s

Br. at 7, is plaintiff's own testimony that she slipped while she was "going to the register,"

Rodgers Dep. at 19:18-23, and that two people in front of her, who were not in line but "going

towards the register as well" helped her up. Id. at 24:12–18.  Plaintiff offers no evidence as to

the cashier's ability to see the floor where plaintiff slipped.  Thus, plaintiff does not present

sufficient evidence showing that the puddle was in a visible location.

Second, even if plaintiff presented evidence that the spill was in a place visible to the

cashiers, this would not on its own be sufficient to support a finding of constructive notice.  It is

true that, where a spill takes place in a central location, it is more likely that store employees

would notice it quickly.  See Craig, 555 F. Supp. 2d at 550 ("The central location of the spill

indicates that defendants should have discovered the spill with reasonable diligence in a

relatively short period of time; in other words, the duration of the spill required to put

Defendants on constructive notice is more likely a matter of minutes than a matter of hours.").

But even where a spill takes place near a store employee, plaintiff must present evidence that the

spill was there long enough for an employee to notice it.  See id. at 550–54.

In Craig v. Franklin Mills, the court found that even though the plaintiff presented

evidence that the spill was in a central area of the mall, there was insufficient evidence of

constructive notice because the plaintiff offered little evidence of the time the puddle was on the

floor.  Id. at 550.  The evidence in Craig as to duration comprised testimony describing the liquid

as "thinned out" and speculation that it was soda that had lost carbonation.  Id. at 551–53.  The

court held that it was "equally likely that the thinning and spreading out of the liquid happened

many minutes before the fall occurred" as that it happened "merely several seconds before the

fall occurred."  Id. at 551.  It also reasoned that "although it is possible that the soda was spilled

and lost its carbonation while sitting on the floor for many minutes, it is equally likely that the soda had lost its carbonation while sitting in a cup or open bottle, even *before* it had spilled, or perhaps seconds after it had spilled." Id. at 553.  The weakness of the evidence relating to the puddle's duration led the court to conclude that no reasonable jury could find in the plaintiff's favor on the existence of constructive notice.  Id.; see also Henderson v. J.C. Penney, Corp., 2009 U.S. Dist. LEXIS 13854 at *5, *12-*13 (E.D. Pa. 2009) (granting summary judgment for defendant where the cashier on duty testified that "she could have seen the tag on the floor if nothing was obstructing her view, and she would have picked up the tag if she had seen it," because plaintiff did not present evidence about how long the tag was on the floor).

Evidence suggesting that a puddle was present long enough to put defendant on notice can include footprints or trails through the liquid.  In Lanni v. Pennsylvania Railroad, the absence of "other footprints on [a grease puddle] except those of the plaintiff . . . indicates it was of recent origin."  Lanni, 88 A.2d at 889.  The Lanni court concluded "that it could not be determined from any or all of the circumstances and at best it would only be a guess whether the grease spot was on the driveway 10 minutes, 10 hours or 10 days prior to plaintiff's accident." Id.; see also Read, 2005 U.S. Dist. LEXIS 37579 at *8 ("[P]laintiff provides no evidence of water tracks prior to the fall, of the length of time that plaintiff was in the aisle prior to the accident, or of the accumulation of dirt or debris near the spill.").  Compare Breen v. Millard Group, Inc., No. 13-6926, 2016 U.S. Dist. LEXIS 156045 at *24–26 (E.D. Pa. Nov. 9, 2016) (granting summary judgment to defendants on lack of constructive notice of spilled liquid where plaintiff's only evidence as to when spill occurred was that it was dirty and that there was a trail leading toward restroom, but where a group was walking immediately in front of plaintiff) with Forte v. Bed Bath & Beyond, 2016 U.S. Dist. LEXIS 36552 at *13–15 (E.D. Pa. 2016) (denying

summary judgment where the plaintiff presented evidence that there were ten feet of water splattered on the ground, the water was streaky from people walking through it, and some of it had dried).

Plaintiff here offers no evidence suggesting that the puddle of water had been on the floor for a length of time sufficient to give defendant constructive notice.[2]  Indeed, defendant presents evidence that the puddle was recent by pointing to plaintiff's testimony that it was clear and there were no footprints or trails from shopping carts through it.  Rogers Dep. at 25:13–17.  Thus, plaintiff has not provided sufficient evidence for a reasonable jury to conclude that defendant had constructive notice of the spill and therefore owed plaintiff a duty to protect her from the possibility of harm it presented.[3]

---

[2] Plaintiff states that it is defendant's burden "to demonstrate that enough time had not passed to establish notice."  Pl.'s Br. at 7.  But notice is not an affirmative defense; rather, it is necessary here to show the existence of a legal duty, and therefore it is an element of plaintiff's negligence claim on which she will bear the burden of proof at trial.  Swift, 690 A.2d at 722. She must, therefore, offer "more than a mere scintilla of evidence" to support this element of her claim.  Williams, 891 F.2d at 460.

[3] Plaintiff also argues that the fact that the manager saw the spilled liquid immediately after the fall, wiped it up and erected a "Wet Floor" sign establishes constructive notice.  Pl.'s Br. at 7, citing Rodgers Dep. at 26:14–23.  Plaintiff points to Hartigan v. Clark, 165 A.2d 647, 652 (Pa. 1960), arguing that the Hartigan court found notice "once the proprietor saw the condition immediately after the accident."  Pl.'s Br. at 7.  It is actually a case cited within Hartigan that found evidence of constructive notice where a plaintiff saw the condition immediately after her accident.  Stais v. Sears-Roebuck & Co., 102 A.2d 204, 205 (Pa. Super. Ct. 1954).  In that case, the plaintiff testified that, after tripping and falling down a flight of stairs, she noticed that one stair had a lifted metal strip with missing screws.  Id.  The Stais court looked to "the number of persons using the premises" and the nature of the defect to find constructive notice.  Id. at 206.  It distinguished the facts before it from those in Lanni, which "involved the presence of a foreign substance."  Id. at 206.  Like Lanni, this case involves a foreign substance, not a structural defect whose nature suggests it had been there for some time.

II.     **Violation of Policy of Frequent Inspections**

Defendant's violation of its own policy requiring employees to monitor the store every two hours is not evidence that defendant had a legal duty to protect plaintiff from the spill.  See Read v. Sam's Club, No. 05-170, 2005 U.S. Dist. LEXIS 37579 at *7 (E.D. Pa. Sept. 23, 2005). In Read v. Sam's Club, the existence of genuine issues of material fact as to when the store employee conducted a protective sweep of the store did not prevent summary judgment in the store's favor because these disputes created issues only as to "the alleged unreasonableness of defendant's behavior in failing to protect plaintiff from a pre-existing spill."  Id. at *11.  They did not show that defendant had a corresponding duty of protection.  "In other words, although these factual disputes are material in showing a breach of duty, they become relevant only after plaintiff makes an evidentiary showing of the existence of such a duty (i.e., that the spill lingered for a sufficient period of time so that defendant should have discovered the spill), which plaintiff has not done."  Id. Cf. Swift, 690 A.2d at 722 (holding that, where the plaintiff presented janitorial maintenance records showing that person charged with maintaining area left four hours prior to accident, this did not show constructive notice because there was "no evidence that the area was not monitored or maintained by other members of [the defendant's] staff").  Therefore, evidence that defendant violated its own policy of cleaning the store every two hours does not support a finding that defendant owed plaintiff a duty to protect her from the spill.

An appropriate Order follows.